UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE HUDSON,

    Plaintiff,

v.

                              Case No. 11-13077

                              Honorable Patrick J. Duggan

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., BANK
OF AMERICA, BAC HOME LOANS
SERVICING, LP, and QUICKEN LOANS
CORPORATION, INC.

    Defendants.
                                  /

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 15, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On June 6, 2011, Roxanne Hudson ("Plaintiff") filed this *pro se* action in Wayne County Circuit Court, alleging violations of state and federal law in connection with the administration of a mortgage loan and the foreclosure of real property located in Detroit, Michigan. Presently before the Court is a motion to dismiss the Complaint filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Mortgage Electronic Registration Systems ("MERS") and Bank of America, N.A. ("Bank of America"). Also before the Court is a motion for judgment on the pleadings filed by Defendant Quicken

Loans, Inc. ("Quicken"). Plaintiff has not responded to either motion. On October 12, 2011, the Court indicated to the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants Defendants' motions.

## I. Factual and Procedural Background

On April 2, 2003, Plaintiff's husband, Larry Hudson, obtained a mortgage loan of $144,000 from Quicken. As security for repayment of the loan, Plaintiff and her husband executed a mortgage on real property located at 20241 Cherokee, in Detroit, Michigan. MERS was the mortgagee as nominee for the lender. Quicken also provided Mr. Hudson with home equity line of credit of $18,000 secured by a mortgage on the property. Quicken subsequently sold its interests in these loans to other lenders. The first mortgage loan was sold to Countrywide Home Loans, Inc. and serviced by BAC Home Loans Servicing, LP ("BAC").[1] The second loan was sold to Wells Fargo Bank, N.A.

Larry Hudson eventually failed to make the payments on these loans, and BAC obtained the first mortgage by assignment from MERS on January 14, 2011. This assignment was recorded with the Register of Deeds on January 20, 2011. BAC then foreclosed by advertisement and obtained the property at a sheriff's sale held on March 16, 2011. Plaintiff filed this suit on June 6, 2011, naming as Defendants MERS, Bank of America, BAC, and Quicken. Bank of America and MERS removed the suit to this Court on July 15, 2011 and moved to dismiss the Complaint. Quicken has moved for judgment

---

[1] Bank of America is the successor by merger to BAC.

on the pleadings.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*,

551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

Liberally construing Plaintiff's *pro se* Complaint, the Court concludes that Plaintiff has asserted claims for fraud, breach of contract, violation of Michigan's foreclosure by advertisement statute, and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The Court shall address these claims in turn.

**A. Fraud**

To establish fraud, a plaintiff must show: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (Mich. 1976). Fraud

4

must be pleaded with particularity. Fed. R. Civ. P. 9(b). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 561 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)).

Plaintiff's allegations fail to satisfy this pleading standard. Plaintiff claims that she "discovered certain bogus instruments which purported to divest Plaintiff of all interest in the subject property." Compl. ¶ 5. Plaintiff, however, fails to identify specific documents at issue. Nor does Plaintiff explain why she has concluded that these documents are "bogus." Instead, Plaintiff merely alleges that "[f]raud and / or irregularity are throughout the documents." *Id.* ¶ 6. Such conclusory assertions are plainly insufficient to state a fraud claim. Plaintiff asserts that the March 16, 2011 sheriff's sale was "bogus," *id.* ¶ 9, but this claim suffers from the same deficiency, as it fails to identify how or why the sheriff's sale was improper. Because Plaintiff's fraud claim falls short of the pleading standard imposed by Rule 9(b), it must be dismissed.

**B. Breach of Contract**

Plaintiff claims that Defendants "are in violation of the Servicer Performance Agreement due to its [sic] poor bookkeeping of accounts." Compl. ¶ 10. "Under Michigan law, the elements of a breach of contract claim are the following: (1) a contract existed between the parties, (2) the terms of the contract required performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury."

5

*Green Leaf Nursery, Inc. v. Kmart Corp.*, 485 F. Supp. 2d 815, 818 (E.D. Mich. 2007) (citing *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005)). Plaintiff has failed to allege facts upon which the Court could conclude that she is entitled to relief, as she has neither identified the parties to the alleged contract nor stated its terms. Plaintiff has not explained how Defendants' allegedly "poor bookkeeping" constituted a breach of the alleged contract, leaving this matter to speculation. The Court concludes that Plaintiff's claim for breach of contract is so lacking in facts that it must be dismissed.

**C. Violation of Michigan's Foreclosure by Advertisement Statute**

Plaintiff seems to assert that the foreclosure in this case was conducted in violation of Michigan's foreclosure by advertisement statute, as her Complaint cites *Residential Funding Corp. v. Saurman*, No. 290248, 2011 Mich. App. LEXIS 719 (Mich. Ct. App. Apr. 21, 2011), a decision in which the Michigan Court of Appeals held that a foreclosure sale was void for failure to comply with that statute. Compl. ¶ 10. *Saurman* invalidated a foreclosure by advertisement conducted by MERS because the statute restricts this remedy to the servicer of the mortgage or the owner of an interest in the indebtedness secured by the mortgage. *Saurman*, 2011 Mich. App. LEXIS, at *27 (citing Michigan Compiled Laws § 600.3204(1)(d)). Here, BAC was permitted to foreclose by advertisement because it serviced the mortgage loan at issue. Plaintiff has not alleged that any other Defendant foreclosed on the property or attempted to do so. Accordingly, the Court concludes that Plaintiff's claim must be dismissed.

**D. Violation of the FDCPA**

Plaintiff also appears to assert a claim under the FDCPA, stating in her Complaint:

6

> FDCPA applies to lawyers engaged in debt collection and specifically states as follow[s]: A lawyer who regularly tries to obtain payment of consumer debts through legal proceedings meets the Act's definition of "debt collector": one who "regularly collects or attempts to collect, directly or indirectly, consumer debts owed another."

Compl. ¶ 8 (citing 15 U.S.C. § 1692a(6)). Defendants argue that Plaintiff has failed to allege activities constituting a violation of the statute, and the Court agrees. The FDCPA provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." *Id.* § 1692a(6)(F)(ii). Quicken originated the loan at issue, and therefore cannot be held liable as a debt collector under the statute. The FDCPA also provides that a person is not a debt collector based on collection activity concerning "a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii). BAC serviced the loan, and there are no allegations indicating that the loan was in default at the time BAC obtained it. Thus, neither BAC nor its successor, Bank of America, can be held liable under the FDCPA. The Court also notes that Plaintiff has failed to allege that MERS engaged in any sort of collection activity. Plaintiff has failed to state a plausible claim under the FDCPA.

## IV. Conclusion

The Court has concluded that Plaintiff's Complaint fails to state a claim for relief. As Plaintiff has not established grounds for invalidating the sheriff's sale, the Court denies her request to quiet title.

7

Accordingly,

**IT IS ORDERED** that MERS and Bank of America's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED;**

**IT IS FURTHER ORDERED** that Quicken Loans, Inc.'s motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is **GRANTED**.

s/PATRICK J. DUGGAN<br>
UNITED STATES DISTRICT JUDGE

Copies to:

Brian C. Summerfield, Esq.
Trevor M. Salaski, Esq.
Joseph M. West, Esq.

Roxanne Hudson
20241 Cherokee
Detroit, MI 48219